IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | |
|---|---|
| RHONDA LEGGETT-MELTON, )<br>On behalf of herself and all others )<br>similarly situated, ) | 2:17-cv-12818 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| QUICKENS LOANS, INCORPORATED ) | |
| ) | |
| Defendant. ) | |

## CLASS ACTION COMPLAINT

NOW COMES the Plaintiff, RHONDA LEGGETT-MELTON, by and through her attorneys, SMITHMARCO, P.C., suing on behalf of herself and all other similarly situated, and for her complaint against QUICKENS LOANS, INCORPORATED Plaintiff states as follows:

### I.     PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691, *et seq*. and the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.     JURISDICTION & VENUE

2.     Jurisdiction arises under the ECOA, 15 U.S.C. §1691e(f) and FCRA 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. RHONDA LEGGETT-MELTON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Vanceboro, County of Craven, State of North Carolina.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. QUICKENS LOANS, INCORPORATED (hereinafter, "Defendant"), is a business entity that has its headquarters and a principal place of business Michigan and is incorporated in the state of Michigan.

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

8. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

9. At all relevant times, Plaintiff was an "applicant" as that term is defined by 15 U.S.C. §1691a(b).

10. At all relevant times, Defendant was a "creditor" as that term is defined by 15 U.S.C. §1691a(e).

### ALLEGATIONS

11. On or about February 22, 2017, Plaintiff initiated a telephone call to Defendant and spoke with a duly authorized representative of Defendant.

12. During the course of her telephone call with Defendant on or about February 22, 2017, Plaintiff informed Defendant that she was seeking financing for a home loan. Defendant

asked Plaintiff a series of questions so that an application could be submitted on Plaintiff's behalf.

13. As a part of the application process, Defendant required Plaintiff to authorize a review of her consumer report as that term is defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681a(d).

14. On or about February 22, 2017, as part of its customary practice and course of business in reviewing a consumer's application for a home loan and her credit capacity and credit worthiness, Defendant purchased a consumer report regarding Plaintiff from Equifax Information Services (hereinafter, "Equifax"), a consumer reporting agency as that term is defined by the FCRA, 15 U.S.C. §1681a(f).

15. On or about February 22, 2017, Defendant obtained Plaintiff's Equifax credit report through Equifax Mortgage Services.

16. Upon information and belief, Defendant reviewed Plaintiff's credit report on or about February 22, 2017.

17. During the course of Plaintiff's telephone call with Defendant on or about February 22, 2017, Defendant orally informed Plaintiff that she her application was rejected.

18. Defendant based its decision to deny Plaintiff's application based in whole or in part on the information it received and reviewed in Plaintiff's consumer report from Equifax.

19. Defendant rejected Plaintiff's application based upon information contained within the report received from Equifax.

20. Subsequent to Plaintiff's application to Defendant of February 22, 2017, Defendant did not provide Plaintiff with:

    a. A written statement of reason(s) for Defendant's decision to deny Plaintiff's application for credit or written notification of adverse action which discloses (i) Plaintiff's right to a statement of reasons within thirty days after receipt by Defendant of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained;

    b. A numerical credit score, as defined in §1681g(f)(2)(A) of the FCRA;

    c. The name, address, and telephone number of the consumer reporting agency (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) that furnished the report to Defendant;

    d. A statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer the specific reasons why the adverse action was taken;

    e. Notice of her right to obtain, under §1681j of the FCRA, a free copy of her consumer report from the consumer reporting agency from which Defendant obtained Plaintiff's consumer report; or

    f. Notice of her right to dispute, under §1681i of the FCRA, the accuracy or completeness of any information in a consumer report furnished by the consumer reporting agency to Defendant.

21. On or about June 1, 2017, Plaintiff initiated a telephone call to Defendant and spoke with a duly authorized representative of Defendant.

22. During the course of her telephone call with Defendant on or about June 1, 2017, Plaintiff informed Defendant that she was seeking financing for a home loan. Defendant asked Plaintiff a series of questions so that an application could be submitted on Plaintiff's behalf.

23. As a part of the application process, Defendant required Plaintiff to authorize a review of her consumer report as that term is defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681a(d).

24.     On or about June 1, 2017, as part of its customary practice and course of business in reviewing a consumer's application for a home loan and her credit capacity and credit worthiness, Defendant purchased a consumer report regarding Plaintiff from Equifax.

25.     On or about June 1, 2017, Defendant obtained Plaintiff's Equifax credit report through Corelogic/Credco.

26.     Upon information and belief, Defendant reviewed Plaintiff's credit report on or about June 1, 2017.

27.     During the course of Plaintiff's telephone call with Defendant on or about June 1, 2017, Defendant orally informed Plaintiff that she her application was rejected.

28.     Defendant based its decision to deny Plaintiff's application based in whole or in part on the information it received and reviewed in Plaintiff's consumer report from Equifax.

29.     Defendant rejected Plaintiff's application based upon information contained within the report received from Equifax.

30.     Subsequent to Plaintiff's application to Defendant of June 1, 2017, Defendant did not provide Plaintiff with:

    a.  A written statement of reason(s) for Defendant's decision to deny Plaintiff's application for credit or written notification of adverse action which discloses (i) Plaintiff's right to a statement of reasons within thirty days after receipt by Defendant of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained;

    b.  A numerical credit score, as defined in §1681g(f)(2)(A) of the FCRA;

    c.  The name, address, and telephone number of the consumer reporting agency (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) that furnished the report to Defendant;

5

    d.    A statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer the specific reasons why the adverse action was taken;

    e.    Notice of her right to obtain, under §1681j of the FCRA, a free copy of her consumer report from the consumer reporting agency from which Defendant obtained Plaintiff's consumer report; or

    f.    Notice of her right to dispute, under §1681i of the FCRA, the accuracy or completeness of any information in a consumer report furnished by the consumer reporting agency to Defendant.

31. Defendant's rejection of Plaintiff's applications constituted "adverse action" as that term is defined by the ECOA, 15 U.S.C. §1691(d)(6).

32. Pursuant to section 1691(d) of the ECOA:

> (2) Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by—
>
>> (A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or
>>
>> (B) giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request.
>
> (3) A statement of reasons meets the requirements of this section only if it contains the specific reasons for the adverse action taken.
>
> 15 U.S.C. § 1691(d)(2), (3).

33. Defendant violated the ECOA. In taking adverse action against Plaintiff in response to her application with Defendant, Defendant failed to: (i) provide Plaintiff with a statement of reasons in writing for the adverse action taken; (b) provide written notification of adverse action which disclosed to the Plaintiff her right to a statement of reasons for the adverse

6

action within thirty days after receipt by Defendant of a request made within sixty days after the notification of the denial of credit, and the identity of the person or office from which such statement may be obtained; and, (c) provide the specific reasons for the adverse action taken.

34. Defendant's rejection of Plaintiff's applications constituted "adverse action" as that term is defined by the FCRA

35. Pursuant to section 1681(m) of the FCRA:

(a) Duties of users taking adverse actions on basis of information contained in consumer reports

If any person takes any adverse action with respect to any consumer that is based in whole or in part on any information contained in a consumer report, the person shall--

(2) provide to the consumer written or electronic disclosure--

(A) of a numerical credit score as defined in section 1681g(f)(2)(A) of this title used by such person in taking any adverse action based in whole or in part on any information in a consumer report; and

(B) of the information set forth in subparagraphs (B) through (E) of section 1681g(f)(1) of this title;

(3) provide to the consumer orally, in writing, or electronically--

(A) the name, address, and telephone number of the consumer reporting agency (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) that furnished the report to the person; and

(B) a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer the specific reasons why the adverse action was taken; and

(4) provide to the consumer an oral, written, or electronic notice of the consumer's right--

(A) to obtain, under section 1681j of this title, a free copy of a consumer report on the consumer from the consumer reporting

agency referred to in paragraph (3), which notice shall include an indication of the 60-day period under that section for obtaining such a copy; and

(B) to dispute, under section 1681i of this title, with a consumer reporting agency the accuracy or completeness of any information in a consumer report furnished by the agency.

15 U.S.C. § 1681m(a)

36. Defendant violated the FCRA. In taking adverse action against Plaintiff in response to her application with Defendant, Defendant failed to provide Plaintiff with: (i) A numerical credit score; (ii) The name, address, and telephone number of the consumer reporting agency (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) that furnished the report to Defendant; (iii) A statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer the specific reasons why the adverse action was taken; (iv) Notice of her right to obtain, under §1681j of the FCRA, a free copy of her consumer report from the consumer reporting agency from which Defendant obtained Plaintiff's consumer report; or, (v) Notice of her right to dispute, under §1681i of the FCRA, the accuracy or completeness of any information in a consumer report furnished by the consumer reporting agency to Defendant.

## V. CLASS ALLEGATIONS

37. Plaintiff brings this action individually and on behalf of a class of individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure.

38. The aforementioned class of individuals is defined as all persons for whom, during the five (5) year period prior to the filing of this Complaint, Defendant obtained a

consumer report regarding an applicant, took adverse action against that applicant based in whole or in part upon said consumer report, and:

    a.    Failed to provide a written statement of reasons for Defendant's decision to deny credit to the applicant and failed to provide notice of Plaintiff's right to a statement of reasons for the credit denial and the identity of the person or office from which such statement may be obtained; and

    b.    Failed to provide written notification of the applicant's numerical credit score, the name, address and telephone number of the credit reporting agency from which the Defendant obtained a consumer report regarding the applicant and notice of the applicant's right to obtain a free copy of their consumer report and their right to dispute the accuracy and completeness of the information being reported.

39.    The class is so numerous that joinder of all members is impractical. Upon information and belief, Defendant has used consumer reports to deny a consumer's application for credit in hundreds, possibly thousands of cases, without providing the requisite notifications pursuant to both the ECOA and FCRA.

40.    There are questions of law and fact common the Class that predominate over any questions affecting only individual Class members. The principal questions at issue are whether Defendant violated the ECOA and FCRA by failing to provide the requisite notices as mandated by both statutes.

41.    Plaintiff's claim is typical of the claims for the Class, which arise from the same operative facts and are predicated on the same legal theories.

42.    There are no individual questions of fact, other than whether a Class member's application for credit with Defendant was denied and Defendant failed to provide the requisite notice under the ECOA and FCRA.

43.    Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously prosecuting this matter and has retained counsel experience in handling

class actions and claims involving unlawful business practices. Neither Plaintiff nor counsel for Plaintiff have any interests that might cause them to not vigorously pursue this claim.

44. This action should be maintained as a class action as the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members. Such a result would establish incompatible standards of conduct for the parties opposing the Class. Furthermore, the prosecution of separate actions could result in adjudications of individual members' claims that could be dispositive of the interests of other members not parties to the adjudications or could substantially impair and/or impede the ability of such individuals to protect their interests.

45. This action should be maintained as a class action because the Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

46. A class action is a superior method for the fair and efficient adjudication of this controversy. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many class claims. The identities of individual Class members may be easily obtained from Defendant's records.

47. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

48. As a result of the above violations of the ECOA, Defendant is liable to Plaintiff for actual damages and liable to Plaintiff and Class members for statutory damages, attorneys' fees and costs.

49. As a result of the above violations of the FCRA, Defendant is liable to Plaintiff for actual damages and liable to Plaintiff and Class members for statutory damages, attorneys' fees and costs.

## VI. PLAINTIFF'S ALLEGATIONS

### COUNT I: VIOLATIONS OF THE ECOA

50. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this Complaint as though fully set forth herein.

51. As a result of Defendant's failure to notify Plaintiff of the specific reason(s) for having taken adverse action against her, Plaintiff is unable to fully address any potential issues with her credit history.

52. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

53. As a result of the above violations of the ECOA, Defendant is liable to Plaintiff for actual damages and liable to Plaintiff and Class members for statutory damages, attorneys' fees and costs.

### COUNT II: VIOLATIONS OF THE FCRA

54. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this Complaint as though fully set forth herein.

55. As a result of Defendant's failure to notify Plaintiff of her rights under the FCRA, Plaintiff was not: (i) given a numerical credit score; (ii) The name, address, and telephone number of the consumer reporting agency (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) that furnished the report to Defendant; (iii) A statement that the consumer reporting agency did not

make the decision to take the adverse action and is unable to provide the consumer the specific reasons why the adverse action was taken; (iv) Notice of her right to obtain, under §1681j of the FCRA, a free copy of her consumer report from the consumer reporting agency from which Defendant obtained Plaintiff's consumer report; or, (v) Notice of her right to dispute, under §1681i of the FCRA, the accuracy or completeness of any information in a consumer report furnished by the consumer reporting agency to Defendant.

56. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

57. As a result of the above violations of the FCRA, Defendant is liable to Plaintiff for actual damages and liable to Plaintiff and Class members for statutory damages, attorneys' fees and costs.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RHONDA LEGGETT-MELTON, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. Determining that this action is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure;

    b. Awarding the Class $500,000 or one percent of Defendant's net worth in punitive damages under ECOA;

    c. Awarding Plaintiff $10,000 in punitive damages, and/or her actual damages under ECOA

    d. Enjoining Defendant, it agents, employees and assigns from further violations of the ECOA and specifically ordering Defendant to provide Plaintiff and class members a compliant ECOA adverse action notice;

    e. Statutory damages under the FCRA;

    f. Actual damages under the FCRA

      g.      Punitive damages under the FCRA;

      h.      Awarding Plaintiff reasonable attorneys' fees and costs of this action;

      i.      Awarding Plaintiff and the Class such other and further relief as is just and proper.

## VII.   JURY DEMAND

61.    Plaintiff hereby demands a trial by jury on all issues so triable.

                                             Respectfully submitted,
                                             **RHONDA LEGGETT-MELTON**

                              By:    s/ David M. Marco
                                          Attorney for Plaintiff

Dated: August 25, 2017

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:       dmarco@smithmarco.com