**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN**

RHONDA LEGGETT-MELTON,
individually, and on behalf of all others
similarly situated,

        Plaintiff,

v.

QUICKEN LOANS INC.,

        Defendant.

Case No. 2:17-cv-12818

Hon. Victoria A. Roberts

Magistrate Judge Anthony P. Patti

## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND MOTION TO STRIKE OR DISMISS CLASS ALLEGATIONS

Defendant Quicken Loans Inc. ("Quicken Loans") hereby moves to dismiss the Amended Complaint filed by Plaintiff Rhonda Leggett-Melton ("Plaintiff") on November 13, 2017 in its entirety and with prejudice pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Quicken Loans also moves to strike Plaintiff's class allegations pursuant to Rule 12(f) or to dismiss them pursuant to Rule 12(b)(6) or Rule 23(d)(1)(D).

Pursuant to Local Rule 7.1(a), on December 1, 2017, Defendant contacted counsel for Plaintiff to explain the nature of this motion and its legal basis. Defendant requested but did not obtain concurrence in the relief sought in this motion.

Defendant hereby incorporates each of the arguments made in the attached Memorandum in Support of the Motion to Dismiss the Amended Complaint and Motion to Strike or Dismiss Class Allegations in this Motion.

Dated:  December 4, 2017                    Respectfully submitted,

                                           JONES DAY

                                           *s/   Louis P. Gabel*
                                           Louis P. Gabel (P80365)
                                           lpgabel@jonesday.com
                                           150 W. Jefferson St., Suite 2100
                                           Detroit, Michigan  48226
                                           T: (313) 733-3939
                                           F: (313) 230-7997


                                           *Attorney for Defendant Quicken Loans Inc.*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN

RHONDA LEGGETT-MELTON,
individually, and on behalf of all others
similarly situated,

        Plaintiff,

v.

QUICKEN LOANS INC.,

        Defendant.

Case No. 2:17-cv-12818

Hon. Victoria A. Roberts

Magistrate Judge Anthony P. Patti

## MEMORANDUM OF LAW IN SUPPORT OF THE
## MOTION TO DISMISS THE AMENDED COMPLAINT AND
## MOTION TO STRIKE OR DISMISS CLASS ALLEGATIONS

### STATEMENT OF ISSUES PRESENTED

1. Whether Plaintiff's failure to allege injury-in-fact requires dismissal with prejudice of her Equal Credit Opportunity Act ("ECOA") claim (Count I) under Fed. R. Civ. P. 12(b)(1) and the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, (2016), *as revised* (May 24, 2016)?

   *Defendant's Answer: Yes.*

2. Whether Plaintiff's failure to plead facts sufficient to demonstrate malicious, wanton, or oppressive behavior or a reckless disregard of the law requires dismissal with prejudice of her claim for punitive damages under the Equal Credit Opportunity Act ("ECOA") under Fed. R. Civ. P. 12(b)(6)?

   *Defendant's Answer: Yes.*

3. Whether Plaintiff's class allegations must be stricken on the pleadings or dismissed for failure to meet the requirements of Fed. R. Civ. P. 23(a) & (b)(3)?

   *Defendant's Answer: Yes.*

# CONTROLLING OR MOST APPROPRIATE AUTHORITIES

## <u>ISSUE 1</u>

### STATUTES

Fed. R. Civ. P. 12(b)(1)

### CASELAW

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, (2016), *as revised* (May 24, 2016)

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992)

*Robins v. Spokeo, Inc.*, 867 F.3d 1108 (9th Cir. 2017)

*Lyshe v. Levy*, 854 F.3d 855 (6th Cir. 2017)

*Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576 (6th Cir. 2016)

*Bach v. First Union Nat'l Bank*, 149 F. App'x 354 (6th Cir. 2005)

*Butler v. Sterling, Inc.*, 210 F.3d 371 (6th Cir. 2000) (Table)

*Kaplan v. Experian, Inc.*, No. 09-10047, 2010 WL 2163824 (E.D. Mich. May 26, 2010)

*Trapp v. SunTrust Bank*, 699 F. App'x 144 (4th Cir. 2017)

*Gilmore v. Ally Fin. Inc.*, No. 15-CV-6240, 2017 WL 1476596 (E.D.N.Y. Apr. 24, 2017)

## <u>ISSUE 2</u>

### STATUTES

Fed. R. Civ. P. 12(b)(6)

### CASELAW

*Anderson v. United Fin. Co.*, 666 F.2d 1274 (9th Cir. 1982)

*Fischl v. Gen. Motors Acceptance Corp.*, 708 F.2d 143 (5th Cir. 1983)

*Dinoto v. Rockland Fin. Mtg. Co., LLC*, No. 3:06CV1132MRKWIG, 2007 WL 2460674 (D. Conn. Aug. 2, 2007), *report and recommendation adopted sub nom. Dinoto v. Rockland Fin. Mortg. Co.*, No. 3:06CV1132MRK, 2007 WL 2667318 (D. Conn. Aug. 21, 2007)

*Bertin v. Grant Auto., Inc.*, No. 06-3002, 2007 WL 1257183 (C.D. Ill. Apr. 30, 2007)

## ISSUE 3

**STATUTES**

Fed. R. Civ. P. 23(c)(1)(A)

Fed. R. Civ. P. 12(f)

Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 23(a)

Fed. R. Civ. P. 23(b)(3)

**CASELAW**

*Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460 (6th Cir. 2017), *as corrected on denial of reh'g en banc* (Sept. 1, 2017)

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)

*Ball v. Union Carbide Corp.*, 385 F.3d 713 (6th Cir. 2004)

*Rikos v. Procter & Gamble Co.*, 799 F.3d 497 (6th Cir. 2015)

*Sprague v. Gen. Motors Corp.*, 133 F.3d 388 (6th Cir. 1998)

*Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 624 (1997)

*Randleman v. Fid. Nat. Title Ins. Co.*, 646 F.3d 347 (6th Cir. 2011)

*Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Michigan*, 654 F.3d 618 (6th Cir. 2011)

*Monteleone v. Auto Club Grp. Memberselect Ins. Co.*, No. 13-CV-12716, 2014 WL 1652219 (E.D. Mich. Apr. 23, 2014)

# TABLE OF CONTENTS

Statement of issues presented ........................................................................ iii

Controlling or most appropriate authorities............................................... iv

Issue 1.......................................................................................................... iv

I.      Background ..........................................................................................3

   A.    Plaintiff's February Inquiry...........................................................3

   B.    Plaintiff's June Inquiry ..................................................................4

   C.    History of this Litigation ...............................................................5

II.     Legal Standard ....................................................................................7

III.    Argument.............................................................................................8

   A.    Count One Must Be Dismissed Under Rule 12(b)(1) Because Plaintiff
         Does Not (and Cannot) Allege Any Injury-in-Fact Sufficient to Establish
         Standing..........................................................................................9

   B.    Plaintiff's Claim For Punitive Damages Under the ECOA Must Be
         Dismissed Under Rule 12(b)(6) For Failure to Plead Wanton, Malicious, or
         Oppressive Discrimination or Reckless Disregard for the Law .................13

   C.    Plaintiff has Failed to State a Plausible Claim for Classwide Relief..........16

      1.    Plaintiff Admits That The Proposed Class Cannot Meet the Requirements
            of Rule 23(a)...........................................................................17

      2.    Plaintiff's Proposed Class Cannot Meet the Requirements of Rule
            23(b)(3)..................................................................................19

IV.     Conclusion.........................................................................................22

# <u>TABLE OF AUTHORITIES</u>

**Page**

**C**ASES

*Allstate Ins. Co. v. Glob. Med. Billing, Inc.*,
   520 F. App'x 409 (6th Cir. 2013) .......................................................................7

*Amchem Prod., Inc. v. Windsor*,
   521 U.S. 591 (1997)...........................................................................................19

*Anderson v. United Fin. Co.*,
   666 F.2d 1274 (9th Cir. 1982) ..........................................................................14

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..............................................................................................8

*Ass'n of Cleveland Fire Fighters v. City of Cleveland*,
   502 F.3d 545 (6th Cir. 2007) ...............................................................................8

*Bach v. First Union Nat's Bank*,
   149 F. App'x 354 (6th Cir. 2005) ..........................................................2, 11, 13

*Ball v. Union Carbide Corp.*,
   385 F.3d 713 (6th Cir. 2004) .............................................................................17

*Bassett v. Nat'l Collegiate Athletic Ass'n*,
   528 F.3d 426 (6th Cir. 2008) ...............................................................................4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..............................................................................................7

*Bertin v. Grant Auto., Inc.*,
   No. 06-3002, 2007 WL 1257183 (C.D. Ill. Apr. 30, 2007)...............................14

*Broan Mfg. Co. v. Associated Distributors, Inc.*,
   923 F.2d 1232 (6th Cir. 1991) ...........................................................................12

# TABLE OF AUTHORITIES
## (continued)

Page

*Butler v. Sterling, Inc.*,
 210 F.3d 371 (6th Cir. 2000) ...............................................................11

*Dinoto v. Rockland Fin. Mtg. Co., LLC*,
 No. 3:06CV1132MRKWIG, 2007 WL 2460674 (D. Conn. Aug. 2,
 2007), *report and recommendation adopted sub nom. Dinoto v.
 Rockland Fin. Mortg. Co.*, No. 3:06CV1132MRK, 2007 WL
 2667318 (D. Conn. Aug. 21, 2007) .....................................................14

*Fischl v. Gen. Motors Acceptance Corp.*,
 708 F.2d 143 (5th Cir. 1983) ...............................................................14

*Gen. Tel. Co. of Sw. v. Falcon*,
 457 U.S. 147 (1982)........................................................................8, 16

*Gilmore v. Ally Fin. Inc.*,
 No. 15-CV-6240, 2017 WL 1476596 (E.D.N.Y. Apr. 24, 2017)......................13

*In re Trans Union Corp. Privacy Litig.*,
 211 F.R.D. 328 (N.D. Ill. 2002)...........................................................15

*John v. Nat'l Sec. Fire & Cas. Co.*,
 501 F.3d 443 (5th Cir. 2007) .................................................................8

*Kaplan v. Experian, Inc.*,
 No. 09-10047, 2010 WL 2163824 (E.D. Mich. May 26, 2010)........................13

*Kokoshka v. Banco Popular N. Am.*,
 No. 14-CV-4430 (KM), 2016 WL 1032344 (D.N.J. Mar. 15, 2016)................15

*Lujan v. Defs. of Wildlife*,
 504 U.S. 555 (1992)........................................................................9, 12

*Lyshe v. Levy*,
 854 F.3d 855 (6th Cir. 2017) ...............................................................11

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Meyers v. Residential Credit Sols.*,
No. 13-10361, 2014 WL 4874108 (E.D. Mich. Sept. 30, 2014 ..........................4

*Monteleone v. Auto Club Grp. Memberselect Ins. Co.*,
No. 13-CV-12716, 2014 WL 1652219 (E.D. Mich. Apr. 23, 2014) .................21

*Ohio Nat. Life Ins. Co. v. United States*,
922 F.2d 320 (6th Cir. 1990) ...............................................................7

*Pilgrim v. Universal Health Card, LLC*,
660 F.3d 943 (6th Cir. 2011) .......................................................8, 16

*Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Mich.*,
654 F.3d 618 (6th Cir. 2011) .............................................................21

*Randleman v. Fid. Nat. Title Ins. Co.*,
646 F.3d 347 (6th Cir. 2011) .............................................................20

*Rikos v. Procter & Gamble Co.*,
799 F.3d 497 (6th Cir. 2015) .............................................................17

*Robins v. Spokeo, Inc.*,
867 F.3d 1108 (9th Cir. 2017) .....................................................9, 10, 11

*Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*,
863 F.3d 460 (6th Cir. 2017) .............................................................17

*Sayers v. Gen. Motors Acceptance Corp.*,
522 F. Supp. 835 (W.D. Mo. 1981) ...................................................15

*Soehnlen v. Fleet Owners Ins. Fund*,
844 F.3d 576 (6th Cir. 2016) .............................................................11

*Sprague v. Gen. Motors Corp.*,
133 F.3d 388 (6th Cir. 1998) .....................................................17, 18, 19

## TABLE OF AUTHORITIES
### (continued)

Page

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011).........................................................................................18

**STATUTES**

15 U.S.C. § 1681m(h)(8) .................................................................................6

15 U.S.C. § 1691(d) .......................................................................................15

15 U.S.C. § 1691e(b) .....................................................................................14

ECOA ....................................................................................................passim

Equal Credit Reporting Act ..............................................................................1

Fair the Credit Reporting Act ...........................................................................1

FCRA ....................................................................................................passim

FCRA § 1681m ................................................................................................6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(c)(1)(A) ...........................................................................16

Rule 12(b)(1).................................................................................................7, 9

Rule 12(b)(6)...............................................................................4, 7, 13, 16

Rule 12(f) ......................................................................................................16

Rule 23 ...................................................................................2, 8, 16, 18

Rule 23(a)....................................................................................16, 17, 18, 19

Rule 23(b)(3)................................................................................17, 19, 20, 21

Rule 23(b)(3)'s...............................................................................................19

Rule 23(d)(1)(D) ...........................................................................................16

## TABLE OF AUTHORITIES
### (continued)

**Page**

U.S. Constitution Article III...............................................................................2, 9, 11

Plaintiff's strategy in this case is evident: cobble together allegations and legal conclusions without regard to their factual or legal merit in hopes that something sticks.  In her original complaint, filed on August 25, 2017, Plaintiff alleged that Quicken Loans denied her applications for a mortgage on two separate occasions without providing her with requisite disclosures under the Equal Credit Reporting Act ("ECOA") and the Fair the Credit Reporting Act ("FCRA").  But pre-litigation discovery proved that Plaintiff's claims are baseless.

Quicken Loans has earned numerous awards, including the highest rating in customer satisfaction for primary mortgage origination from J.D. Power in each of the past eight years, because it is committed to providing impeccable service to every client, every time.  *See* https://quickenloanscareers.com/about-us/culture/. Plaintiff was no exception.  A review of Plaintiff's interactions with Quicken Loans demonstrates that the Quicken Loans team members who worked with her exhibited these ideals at each step of the way.

As a result, shortly after Plaintiff filed her original complaint, Quicken Loans attempted to avoid unnecessary litigation by providing Plaintiff's counsel with pre-litigation discovery, which demonstrated the factual and legal flaws in her complaint.  *See* 10/13/2017 Ltr. to Plaintiff's Counsel (Ex. M); Attachments to 10/13/2017 Ltr. (Exs. A-L).  In response to this pre-litigation discovery, Plaintiff was forced to abandon much of her original complaint.

On November 13, 2017, Plaintiff filed a stripped down amended version of

her original complaint (the "Amended Complaint"). *See* Am. Compl. (Dkt. No. 8-

1). Not only does this Amended Complaint distort the facts, but it also suffers

from fatal legal flaws that require its dismissal, with prejudice. *First*, Plaintiff

lacks Article III standing as set forth by the Supreme Court in *Spokeo, Inc. v.*

*Robins*, because she fails to allege concrete injury-in-fact. 136 S. Ct. 1540, 1547,

(2016), *as revised* (May 24, 2016). Instead, Plaintiff alleges only that she suffered

a procedural violation that resulted in unspecified emotional distress. This is

insufficient to state a viable claim. *Second*, Plaintiff's claim for punitive damages

must be dismissed for failure to state a claim. Nowhere does Plaintiff allege that

Quicken Loans wantonly, maliciously or oppressively discriminated against her or

acted in reckless disregard of the law as required to sustain punitive damages under

the ECOA. Nor could she, given Quicken Loans's attentive service. *Third*,

Plaintiff offers no factual allegations in support of her bare allegation that Quicken

Loans has similarly failed to provide the requisite notifications to "hundreds,

possibly thousands" of other cases, let alone to support her implausible legal

conclusion that any claims brought on behalf of these absent individuals could be

adjudicated as part of a single class under Rule 23. As a result, her class-based

allegations cannot move past the pleading stage. In short, her factually and legally

2

deficient Amended Complaint must be dismissed in its entirety, with prejudice, and her class allegations must be stricken or dismissed.

## I.   <u>BACKGROUND</u>

Plaintiff's original complaint alleged violations of FCRA and ECOA in connection with two interactions between Plaintiff and Quicken Loans—telephone exchanges on February 22, 2017 and June 1, 2017.  For background purposes, each is described below.

### A.   PLAINTIFF'S FEBRUARY INQUIRY

On February 22, 2017, Plaintiff initiated a telephone call to Quicken Loans to inquire about a mortgage to help her purchase a home in North Carolina.  Am. Compl. ¶¶ 8-9.  Plaintiff alleges that during the course of this call, Quicken Loans "orally informed Plaintiff that her application was rejected" "based in whole or in part on the information it received and reviewed in Plaintiff's consumer report from Equifax."  *Id*. at ¶¶ 14-15.  Contrary to her allegations and laying bare the factual inaccuracies in her Amended Complaint, the records show that Quicken Loans provided Plaintiff with full disclosures explaining its credit denial.

Specifically, on February 24, 2017, Quicken Loans provided Plaintiff with full disclosures through the MyQL website.  *See* Exs. A[1]-B.  For good measure,

---

[1] Exhibit A reflects that Plaintiff had opted into receiving electronic notices via the MyQL website.

over the next two days, Quicken Loans sent four additional hardcopy letters via mail—two to Plaintiff and two to her husband—with all necessary ECOA and FCRA disclosures as well as an offer for a free consultation with QLCredit so that she could better understand and track her credit.  *See* 2/25/17 and 2/26/17 Ltrs. (Exs. C-F).[2]  Furthermore, between February 24-26, 2017, Quicken Loans sent six "Risk-Based Pricing Notices" to Plaintiff and her husband offering information regarding their credit scores and how to check their credit.  *See* Exs. G-L.

## B.   PLAINTIFF'S JUNE INQUIRY

Plaintiff again spoke to a Quicken Loans team member on June 1, 2017, about her options for obtaining a pre-approval for a home loan.  Compl. ¶¶ 21-29 (Dkt. No. 1).  Over the course of several calls, Quicken Loans's team members

---

[2] When a court is presented with a Rule 12(b)(6) motion, "it may consider the Complaint and . . . exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  Here, where Plaintiff's Amended Complaint is premised upon allegations that she was injured by Quicken Loans's purported failure to send her notices required under the ECOA, the court may consider evidence that she did, in fact, receive the notices without converting this motion to dismiss into a motion for summary judgment.  This information is "central to the claims contained" in the complaint and undermines both her standing to bring this lawsuit and the plausibility of her allegations.  *See, e.g.*, *Meyers v. Residential Credit Sols.*, No. 13-10361, 2014 WL 4874108, at *3 (E.D. Mich. Sept. 30, 2014) (court considered notice sent to the plaintiff advising her of statutory right to request a mortgage modification attached as exhibit to the defendant's motion to dismiss without converting it to a motion for summary judgment where plaintiff alleged that she did not receive such notice).

took time to learn about Plaintiff's individualized situation and goals, informed her of her credit score, and suggested ways in which she could increase her credit score in order to qualify for a loan product with a significantly reduced down payment. *See* 10/13/2017 Ltr. to Plaintiff's Counsel (Ex. M). After giving Plaintiff several weeks to address the negative information from her credit report, Quicken Loans attempted to reinitiate contact with Plaintiff in its endeavor to provide her attentive and complete service. Plaintiff, however, failed to return any of Quicken Loans's calls, and her alleged application was deemed withdrawn. *Id.*

### C.   HISTORY OF THIS LITIGATION

On August 25, 2017, Plaintiff filed her original complaint alleging that Quicken Loans denied her applications for a mortgage on these two occasions without providing her with requisite disclosures under ECOA and FCRA. *See* Dkt. No. 1. Quicken Loans provided pre-litigation discovery to Plaintiff and requested that she dismiss her complaint in its entirety. *See* 10/13/2017 Ltr. to Plaintiff's Counsel (Ex. M); Attachments to 10/13/2017 Ltr. (Exs. A-L). In order to allow Plaintiff's counsel sufficient time to review the discovery and discuss it with his client, this Court extended Quicken Loans's responsive pleading deadline until December 4, 2017. *See* 11/2/2017 Order (Dkt. No. 7).

In response to this pre-litigation discovery, Plaintiff was forced to abandon much of her original complaint. She voluntarily dismissed her FCRA claim

because Quicken Loans demonstrated that statutory language and controlling case law affirmatively disclaim a private right of action to enforce § 1681m of the FCRA.  *See* 15 U.S.C. § 1681m(h)(8).  She was also required to drop claims related to an alleged June 1, 2017 application for a home loan because pre-litigation discovery demonstrated that it was Plaintiff who withdrew her alleged credit application after Quicken Loans's team members took the time to work with her on credit counseling.  Despite the fact that Quicken Loans also provided Plaintiff with signed copies of the disclosure statements she claimed she were missing with respect to her alleged February 22, 2017 application for credit, Plaintiff's counsel has refused to dismiss her ECOA claim.

On November 13, 2017, Plaintiff filed her Amended Complaint, alleging that Quicken Loans failed to notify her of the specific reason(s) for denying her alleged February 22, 2017 credit application.  Without providing any factual basis for her claims, Plaintiff also alleges that Quicken Loans failed to provide these notifications in "hundreds, possibly thousands" of other individuals.  Am. Compl. ¶ 23 (Dkt. No. 8-1).  She thus seeks to represent a putative class of "all persons for whom, during the five (5) year period prior to the filing of Plaintiff's original complaint, Defendant obtained a consumer report regarding an applicant, took adverse action against that applicant based in whole or in part upon said consumer

report, and . . . [f]ailed to provide a written statement of reasons for Defendant's

decision to deny credit to the applicant." *Id*. ¶ 22.

## II.   <u>LEGAL STANDARD</u>

An attack on a plaintiff's standing is "considered an attack on the court's

subject-matter jurisdiction under Rule 12(b)(1)." *Allstate Ins. Co. v. Glob. Med.*

*Billing, Inc.*, 520 F. App'x 409, 411 (6th Cir. 2013).  As with a motion under Rule

12(b)(6), a "facial challenge to subject-matter jurisdiction under Rule 12(b)(1)

requires the district court to accept all the factual allegations in the complaint as

true." *Id.*  On the other hand, when a court reviews a complaint under a factual

attack to subject matter jurisdiction, "no presumptive truthfulness applies to the

factual allegations" and the district court "has wide discretion to allow affidavits,

documents and even a limited evidentiary hearing to resolve disputed jurisdictional

facts." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

A court considering a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6) accepts the well-pled factual allegations of the complaint as

true, construes those allegations in favor of the plaintiff, and determines whether

those allegations present plausible claims.  *See Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 554-56 (2007).  "[N]aked assertions devoid of further factual

enhancement" and "unadorned, the-defendant-unlawfully-harmed-me

accusation[s]" are not entitled to a presumption of truth and are insufficient to

"state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Pursuant to the same standard, "a district court may dismiss the class allegation on the pleadings." *See, e.g., John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007).  As the Supreme Court has recognized, "[s]ometimes the issues are plain enough from the pleadings to determine" that no class may be certified pursuant to Federal Rule of Civil Procedure 23.  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).   Under those circumstances, the district court may dismiss or strike the class allegations.  *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (affirming decision to strike class allegations).

## III.   <u>ARGUMENT</u>

In addition to its implausible factual allegations, Plaintiff's Amended Complaint contains legal flaws that warrant its dismissal, with prejudice.

## A.   COUNT ONE MUST BE DISMISSED UNDER RULE 12(B)(1) BECAUSE PLAINTIFF DOES NOT (AND CANNOT) ALLEGE ANY INJURY-IN-FACT SUFFICIENT TO ESTABLISH STANDING

Count One must be dismissed under Rule 12(b)(1) because Plaintiff fails to allege an injury-in-fact as required under Article III of the U.S. Constitution. Article III limits judicial power to "Cases" and "Controversies," which form the basis for the standing inquiry.  U.S. CONST. art. III.  To establish standing, a plaintiff must show that she has suffered "injury in fact" that is "concrete and particularized" and "actual or imminent," not merely "conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted).

Because Plaintiff has alleged only bare "procedural violations" that did not cause any concrete harm, she has not alleged injury-in-fact as required by Article III.  In *Spokeo v. Robins*, the Supreme Court held that an alleged violation of a statutory right, without more, does not establish an injury-in-fact.  Rather, even where there is a statutory violation, the plaintiff must show that she has suffered a "concrete," "de facto" injury, meaning the injury "must actually exist" and be "real." 136 S. Ct. at 1548.  Thus, "even when a statute has allegedly been violated, Article III requires such violation to have caused some real—as opposed to purely legal—harm to the plaintiff."  *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017).

9

In this case, Plaintiff's alleged injuries are textbook examples of "bare procedural violation[s], divorced from any concrete harm." *Spokeo*, 136 S. Ct. at 1549.  It goes without saying that the mere fact that Plaintiff alleges that Quicken Loans violated the disclosure requirements under the ECOA is insufficient to confer jurisdiction in this Court.  As the Supreme Court explained in *Spokeo*, not every statutory violation results in concrete harm sufficient to establish standing. 136 S. Ct. at 1550.  For example, the Court explained that, in the analogous FCRA context, "even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate." *Id.*  In such a circumstance, despite a statutory violation, the real harm Congress sought to prevent when it enacted the FCRA—"dissemination of false information" about consumers' credit worthiness—would not exist. *Id.* Furthermore, "not all inaccuracies cause harm or present any material risk of harm." *Id.*  For instance, "the dissemination of an incorrect zip code, without more," would not have any "bearing on an individual's credit worthiness," and thus would not lead to any real harm that Congress sought to prevent. *Id.* at 1545, 1550.

The injury-in-fact requirement outlined by the Supreme Court in *Spokeo* extends to claims brought under the ECOA.  Recently, in *Trapp v. SunTrust Bank*, for instance, the Fourth Circuit relied on *Spokeo* and affirmed the district court's

determination that the plaintiffs lacked standing to bring an ECOA claim because they "did not suffer an information injury as contemplated by Congress."  699 F. App'x 144, 145 (4th Cir. 2017).  The court reasoned that the plaintiffs' ECOA claim amounted "to an allegation of a bare procedural violation of the ECOA in which they suffered no concrete injury."  *Id.*  There, as here, Plaintiff's allegation of a "bare procedural violation" under ECOA does not suffice to confer Article III standing.  *See also Lyshe v. Levy*, 854 F.3d 855, 861 (6th Cir. 2017) (relying on *Spokeo* and holding that "bald allegations" of state procedural violations were insufficient to confer standing); *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 582 (6th Cir. 2016) (relying on *Spokeo* and holding that plaintiffs had failed to sufficiently allege injury-in-fact).

Nor are Plaintiff's bare bone allegations that she suffered "emotional distress" and "humiliation" sufficient to confer standing.  Plaintiff summarily claims that she has suffered "humiliation, embarrassment," and generic and unspecific anguish and emotional distress as a result of a purported violation of the ECOA.  Am. Compl. ¶¶ 31, 35.  But, as the Sixth Circuit has held, a plaintiff alleging emotional distress must "reasonably and sufficiently explain[ ] the circumstances surrounding the injury and . . . not rely on mere conclusory statements."  *Bach v. First Union Nat'l Bank*, 149 F. App'x 354, 361 (6th Cir. 2005); *see also Butler v. Sterling, Inc.*, 210 F.3d 371 (6th Cir. 2000) (explaining

that, in the FCRA context, damages to compensate for "emotional distress, are recoverable" only in "extreme cases"). Plaintiff makes no attempt to satisfy this standard.

Plaintiff provides no explanation for how or why she was embarrassed or suffered emotional distress as a result of Quicken Loans's alleged failure to provide her with the ECOA notices. Am. Comp. at ¶¶ 31, 35. Nor does she allege that her purported failure to receive ECOA notices resulted in any subsequent credit denials or otherwise caused her to sustain any actual damages. *See Lujan*, 504 U.S. at 560; *see also Broan Mfg. Co. v. Associated Distributors, Inc.*, 923 F.2d 1232, 1235 (6th Cir. 1991) ("[D]amages are not permitted which are remote and speculative in nature."). Instead, Plaintiff only baldly asserts that she was "unable to fully address any potential issues with her credit history," without providing any facts to support that general allegation. Am. Compl. ¶ 34.[3] In fact, Plaintiff's inability to identify any other person who was even aware that she was denied credit on the basis of her credit report renders implausible her allegations of humiliation and embarrassment. *Id.* at ¶¶ 31, 35.

---

[3] Plaintiff's subsequent contact with Quicken Loans on June 1, 2017 shows that Quicken Loans went above-and-beyond to assist Plaintiff in improving her credit score. As part of that inquiry, Quicken Loans's team members informed Plaintiff of her credit score and suggested specific ways to address issues with her score. *See* 10/13/2017 Ltr. to Plaintiff's Counsel (Ex. M).

Where, as here, a plaintiff does not "reasonably or sufficiently explain" how the defendant's actions "caused [her] to incur emotional distress," the plaintiff fails to state a plausible claim of injury. *See Kaplan v. Experian, Inc.*, No. 09-10047, 2010 WL 2163824, at *6 (E.D. Mich. May 26, 2010) ("Plaintiff has provided vague and conclusory statements that do not raise any genuine issue of material fact on the issue of whether Experian's violation caused Plaintiff to incur any compensable emotional distress damages."). In short, Plaintiff's rote allegations of emotional distress are simply "too generalized to demonstrate particularized injury," and her "conclusory allegations fall short of the standard to demonstrate standing." *Gilmore v. Ally Fin. Inc.*, No. 15-CV-6240, 2017 WL 1476596, at *6 (E.D.N.Y. Apr. 24, 2017); *see also Bach*, 149 F. App'x at 361. Count One should be dismissed for lack of standing, with prejudice.

## B.  PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES UNDER THE ECOA MUST BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO PLEAD WANTON, MALICIOUS, OR OPPRESSIVE DISCRIMINATION OR RECKLESS DISREGARD FOR THE LAW

In addition to the legal deficiencies described above, which require dismissal of Count One in its entirety, Plaintiff's claim for punitive damages under the ECOA fails to pass muster under Rule 12(b)(6). A plaintiff is entitled to punitive damages under the ECOA only if she proves that "(1) the creditor wantonly, maliciously or oppressively discriminates against an applicant, or (2) the creditor acts in reckless disregard of the requirements of the law, even though there was no

specific intention to discriminate on unlawful grounds." *Anderson v. United Fin. Co.*, 666 F.2d 1274, 1278 (9th Cir. 1982) (internal citations omitted); *see also Fischl v. Gen. Motors Acceptance Corp.*, 708 F.2d 143, 148 (5th Cir. 1983) (same); 15 U.S.C. § 1691e(b) (punitive damages provision of ECOA).  Where there is no evidence that a defendant's actions were "wanton, oppressive, or malicious," or taken with reckless disregard for the law, a court will not award punitive damages under the ECOA.  *See, e.g.*, *Dinoto v. Rockland Fin. Mtg. Co., LLC*, No. 3:06CV1132MRKWIG, 2007 WL 2460674, at *4 (D. Conn. Aug. 2, 2007), *report and recommendation adopted sub nom. Dinoto v. Rockland Fin. Mortg. Co.*, No. 3:06CV1132MRK, 2007 WL 2667318 (D. Conn. Aug. 21, 2007) (declining to award punitive damages under the ECOA); *Bertin v. Grant Auto., Inc.*, No. 06-3002, 2007 WL 1257183, at *8 (C.D. Ill. Apr. 30, 2007) (same).

Plaintiff's Amended Complaint is completely devoid of allegations that would support an award of punitive damages under the ECOA.  The Amended Complaint does not state or so much as suggest that Quicken Loans "wantonly, maliciously, or oppressively" failed to send notices.  Am. Compl. ¶¶ 33-36.  Furthermore, nowhere in the Amended Complaint does Plaintiff allege that, in supposedly failing to provide required notices under the ECOA, Quicken Loans

acted with "reckless disregard for the law."[4]  *Id.*; *but cf. Sayers v. Gen. Motors Acceptance Corp.*, 522 F. Supp. 835, 842 (W.D. Mo. 1981) (finding that defendant "recklessly disregarded any legal duty" under the ECOA where defendant's employee was notified of an error on plaintiff's credit file, acknowledged the error, but refused to correct it or discuss it with plaintiff).  Instead, the Amended Complaint merely states that Quicken Loans "violated the ECOA" and regurgitates the language of 15 U.S.C. § 1691(d).  Am. Compl. ¶ 19-20.  These threadbare allegations are insufficient to state a plausible claim, and Plaintiff's punitive damages claim under the ECOA must therefore be dismissed, with prejudice.[5]

---

[4] The absence of this allegation in understandable since Quicken Loans did indeed provide the required disclosures.  *See supra* pgs. 3-5.

[5] Although Plaintiff does not request statutory damages in her Prayer for Relief, in Paragraph 36 of the Amended Complaint Plaintiff claims that Quicken Loans "is liable to Plaintiff for actual damages and liable to Plaintiff and Class members for *statutory damages*, attorneys' fees and costs."  Am. Compl. ¶ 36 (emphasis added).  But statutory damages are not available under the ECOA.  *See, e.g.*, *Kokoshka v. Banco Popular N. Am.*, No. 14-CV-4430 (KM), 2016 WL 1032344, at *2 (D.N.J. Mar. 15, 2016) ("For an untimely notice (or other violations), ECOA does not have a statutory damages provision."); *In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328, 342 n.7 (N.D. Ill. 2002) (noting that the ECOA "provide[s] for actual damages plus punitive damages, but not statutory damages").

### C.   PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE CLAIM FOR CLASSWIDE RELIEF

Plaintiff's class allegations must also be dismissed or stricken.[6]  A court should decide whether to certify a class "[a]t an early practicable time."  *See* Fed. R. Civ. P. 23(c)(1)(A).  Importantly, "nothing in the rules says that the court must await a motion by the plaintiffs" to decide whether to certify a class.  *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (affirming district court's order granting a motion to strike class claims).  Rather the court may determine the propriety of class treatment at the pleading stage.  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).  For instance, under Rule 12(f), a court may strike allegations relating to a putative class from a pleading as "redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  In addition, a court may dismiss as implausible claims for classwide relief under Rule 12(b)(6) or "require that the pleadings be amended to eliminate allegations about representation of absent persons" pursuant to Rule 23(d)(1)(D).

To obtain certification of a proposed class, a plaintiff must satisfy the familiar requirements of Rule 23(a):  numerosity, commonality, typicality, adequacy of representation, and ascertainability.  *See* Fed. R. Civ. P. 23(a); *see*

---

[6] Quicken Loans's arguments regarding Plaintiff's class allegations are based on the Amended Complaint only, which demonstrates on its face that no class can be certified under Rule 23.  Quicken Loans reserves all rights to make additional arguments in opposition to class certification at a later date.

*also Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 466 (6th Cir. 2017), *as corrected on denial of reh'g en banc* (Sept. 1, 2017) (discussing implied ascertainability requirement).  In addition, where (as here) money damages are sought, a plaintiff must satisfy the more stringent predominance and superiority requirements of Rule 23(b)(3).  *See* Fed. R. Civ. P. 23(b)(3).  It is evident from the allegations of the Amended Complaint that the requirements for maintaining a class action cannot be met in this case.

1. <u>Plaintiff Admits That The Proposed Class Cannot Meet the Requirements of Rule 23(a)</u>

By her own admission, Plaintiff's class allegations fail to fulfill the commonality and typicality requirements of Rule 23(a).  *See Ball v. Union Carbide Corp.*, 385 F.3d 713, 728 (6th Cir. 2004) ("[C]ommonality and typicality requirements of Rule 23(a) tend to merge[.]").  In order to satisfy commonality, a "named plaintiff[] must show that there is a common question that will yield a common answer for the class (to be resolved later at the merits stage), and that that common answer relates to the actual theory of liability in the case." *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 505 (6th Cir. 2015).  Similarly, to demonstrate typicality, a plaintiff must show that if she proves her own claim, she necessarily proves the claims of the entire class.  *See Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998) (district court abused its discretion in certifying class where each claim "depended on each individual's particular

17

interactions with GM—and these . . . varied from person to person").  "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class."  *Id.*

Here, Plaintiff fails to allege facts that if proven would be sufficient to plausibly demonstrate commonality and typicality under Rule 23(a).  First, she identifies no common question that "will resolve an issue that is central to the validity" of the putative class's claims "in one stroke."  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).  Plaintiff alleges only that the "principal questions at issue are whether Defendant violated the ECOA by failing to provide the requisite notices as mandated by both statutes [sic]."  Am. Compl. ¶ 24.  But her complaint is completely devoid of any factual allegations that could plausibly suggest that this "principle" issue is "common" to the class within the meaning of Rule 23.

That is because it is not.  A common question under Rule 23 "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Wal-Mart Stores, Inc.*, 564 U.S. at 350.  And the "principle question" that Plaintiff identifies cannot be answered by reference to any classwide evidence.  To the contrary, Plaintiff  affirmatively *concedes* that this question turns on "individual questions of fact" regarding (1)

18

"whether a Class member's application for credit with Defendant was denied"; and

(2) whether "Defendant failed to provide the requisite notice under the ECOA."

Am. Compl. ¶ 26.  Thus, by Plaintiff's own admission, the case turns on

"individual questions of fact" that must be answered for each putative class

member using highly individualized evidence.  There is thus no commonality and

no class here.

It is also clear from this concession that this is not a case where "as goes the

claim of the named plaintiff, so go the claims of the class."  *Sprague*, 133 F.3d at

399.  Instead, the resolution of Plaintiff's claim would rest on the individual facts

surrounding her communications with Quicken Loans and would not control the

outcome of any other putative class members' claims.  Thus, Plaintiff has failed to

allege sufficient factual allegations to plausibly suggest that she could meet the

requirements of Rule 23(a), and her class allegations must be stricken or dismissed.

2.   <u>Plaintiff's Proposed Class Cannot Meet the Requirements of Rule 23(b)(3)</u>

The individualized inquiries identified by Plaintiff, moreover, are just two of

many that this Court would be required to resolve for each putative class member;

thus, Rule 23(b)(3) also precludes class certification.  Rule 23(b)(3)'s

predominance requirement "is far more demanding" than the Rule 23(a) analysis

and requires a showing that common issues predominate over individual issues.

*Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 624 (1997).  To satisfy Rule

19

23(b)(3)'s predominance requirement, "a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof." *Randleman v. Fid. Nat. Title Ins. Co.*, 646 F.3d 347, 352-53 (6th Cir. 2011) (affirming denial of class certification where class determination required "substantial, individual inquiries" to establish liability).

Here, individual inquiries would predominate over common questions making class treatment impracticable.  In addition to the two individualized inquiries identified by Plaintiff in her Amended Complaint, *see* Am. Compl. ¶ 26, for each putative class member this Court would also need to determine whether: (1) Quicken Loans took adverse action against the class member; (2) the class member withdrew her alleged credit application; (3) the class member opted to receive online notices; (4) Quicken Loans sent notices to the class member in the appropriate form; (5) the notices contained the required information under the ECOA; and (6) the class member suffered any concrete damages as a result of the alleged failure to receive notices.  This examination of individualized proof precludes class treatment under Rule 23(b)(3).  *See, e.g.*, *Randleman*, 646 F.3d at 352-53.

In fact, Plaintiff's abandonment of her FCRA and ECOA claims based on her June 1, 2017 call with Quicken Loans confirms that individualized inquiries

20

would be central to this Court's analysis.  Plaintiff's original complaint alleged that

Quicken did not send Plaintiff the required FCRA and ECOA notices after an

alleged June 1, 2017 application for financing for a home loan.  Compl. at ¶¶ 21-36

(Dkt. No. 1).  Yet pre-litigation discovery provided to Plaintiff demonstrated that

she *actually withdrew the alleged application for credit* by failing to respond to

Quicken Loans's numerous attempts to follow-up with her.  *See* 10/13/2017 Ltr. to

Plaintiff's Counsel (Ex. M).  Presumably based on this examination of her

individual circumstances, Plaintiff abandoned her claims related to the June 1,

2017 phone call, effectively conceding that Quicken Loans did not violate the law

with respect to one of her two alleged credit applications.  There can be little doubt

that this Court would be required to make similar individualized inquiries to

determine Quicken Loans's liability (if any) to each putative class member with

respect to each of their alleged credit applications, defeating any claim of

predominance.[7]

---

[7] Due to the number of individualized inquiries that would be necessary to
adjudicate each putative class member's ECOA claim, class treatment is also not a
superior method of adjudication for these claims, as required under Rule 23(b)(3).
*See Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Mich.*, 654 F.3d
618, 631 (6th Cir. 2011) ("Given the necessary number of individual inquiries, a
class action cannot be a superior form of adjudication."); *see also Monteleone v.
Auto Club Grp. Memberselect Ins. Co.*, No. 13-CV-12716, 2014 WL 1652219, at
*4-*6 (E.D. Mich. Apr. 23, 2014) (finding that individual determinations required
for every member of the class made class treatment "unwieldy").

## IV.   <u>CONCLUSION</u>

For all the reasons outlined above and in the attached Motion, Defendant

Quicken Loans hereby moves for the Amended Complaint to be dismissed in its

entirety, with prejudice, and for Plaintiff's class allegations to be stricken or

dismissed.

Dated:  December 4, 2017                                  Respectfully submitted,

                                                                             JONES DAY

                                                                             *s/   Louis P. Gabel*
                                                                             Louis P. Gabel (P80365)
                                                                             lpgabel@jonesday.com
                                                                             150 W. Jefferson St., Suite 2100
                                                                             Detroit, Michigan  48226
                                                                             T: (313) 733-3939
                                                                             F: (313) 230-7997

                                                                             *Attorney for Defendant Quicken Loans Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Motion to Dismiss the Amended Complaint and Motion to Strike or Dismiss Class Allegations was submitted to the Court on December 4, 2017, and transmitted electronically to all counsel of record at the email addresses provided by the Court's CM/ECF system.

_s/ Louis P. Gabel_
*Attorney for Defendant Quicken Loans Inc.*